## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00569-JLK-MEH

THERMO FLUIDS, INC.,

      Plaintiff,

v.

THE UNITED STATES OF AMERICA; and
URS GROUP, INC., a corporation,

      Defendants.

---

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS OF THE UNITED STATES

---

**Kane, J.**

### Introduction

      Plaintiff brings negligence claims against defendants the United States and URS in connection with a shipment of oil from Buckley Air Force Base ultimately determined to be contaminated with PCBs.  The United States has moved to dismiss on the grounds that Plaintiff's claims are really contract claims improperly recast as negligence claims and thus exclusive jurisdiction lies with the Court of Federal Claims under the Tucker Act. The motion (Doc. 34) is **GRANTED** for the reasons stated below.

### Analysis

      The Court of Federal Claims has exclusive jurisdiction over claims "against the United States . . . founded . . . upon any express or implied contract with the United

States" for over $10,000.  28 U.S.C. § 1346(a)(2); *see id*. § 1491(a)(1).  "In close cases, whether to characterize a claim as one in tort or as founded on contract will depend on the purpose served by the characterization," namely, the Federal government's interest in having federal contracts interpreted uniformly according to federal law throughout the nation.  *Union Pacific R. Co. v. U.S. ex rel. U.S. Army Corps Of Engineers*, 591 F.3d 1311, 1314-15 (10th Cir. 2010); *see Woodbury v. United States*, 313 F.2d 291, 295 (9th Cir. 1963) (noting "the long established policy that government contracts are to be given a uniform interpretation and application under federal law, rather than being given different interpretations and applications depending upon the vagaries of the laws of fifty different states").  In making this determination, the Court is not bound by the Plaintiff's characterization of its claims.  *Union Pacific*, 591 F.3d at 1314.  Accordingly, where "the action is essentially for breach of a contractual undertaking, and the liability, if any, depends wholly upon the government's alleged promise, the action must be under the Tucker Act, and cannot be under the Federal Tort Claims Act."  *Woodbury*, 313 F.2d at 296; *see Union Pacific*, 591 F.3d at 1316 (citing *Woodbury*).

However, where a "duty exists apart from, and in addition to, any terms agreed to by the parties" such that its breach "is a separate tort and is not, as was the case in *Woodbury*, '*based entirely upon* breach by the government of a promise made by it in a contract,'" the Ninth Circuit has held that the claim can be brought under the FTCA.  *Love v. U.S.*, 915 F.2d 1242, 1247-48 (9th Cir. 1989); *but see Union Pacific*, 591 F.3d at 1319 (questioning whether the Tenth Circuit would adopt the full reasoning of *Love*).

2

TFI's Amended Complaint (Doc. 12) brings two claims against the United States, for "negligent commercial property damage" and "negligent misrepresentation." Doc. 12 at 7-10. TFI's negligent commercial property damage claim asserts that the United States "was negligent causing contaminated oil to be co-mingled with" non-contaminated oil and by "incorrectly characterizing" the contaminated oil, which resulted in damage to TFI's property. *Id*. at 8-10. TFI's negligent misrepresentation claim asserts that the United States "provided TFI with false and inaccurate information by incorrectly characterizing the contaminated oil" as uncontaminated, and "failed to exercise reasonable care or competence in obtaining or communicating information regarding the contaminated oil." *Id*. at 11.

The United States argues that despite TFI's characterizations, TFI's claims are essentially for breach of the August 22, 2012 bill of lading governing the shipment of the oil at issue, which is the operative contract between the parties. Doc. 34-1 at 8-9. The bill of lading identifies the material to be shipped as "Non-Regulated Liquid, Used Oil," and provides that that description "accurately and completely describes the waste or materials being transferred" and that those materials have been "properly characterized." Doc. 34-2 at 5-6. The bill of lading further provides that "[n]one of the Materials is 'Hazardous Waste' as defined by applicable federal and state laws and regulations" and that in the event of the breach of any of these representations, the government "agrees to be solely responsible for the management, removal, remediation and disposal of the Materials in accordance with all applicable laws and regulations." *Id*. at 6. Because these

terms govern Plaintiff's allegations, the government argues that this action is "essentially for breach of a contractual undertaking" and must therefore be dismissed.  Doc. 34-1 at 7-10.

Plaintiff argues that its claims do not require the Court to interpret the terms of the bill of lading and that the United States owed Plaintiff a duty of reasonable care "entirely separate and distinct" from any duty imposed by the bill of lading.  Doc. 37 at 9-11.  Plaintiff does not identify any source of this duty, and Colorado authority does not support a free-standing duty to exercise reasonable care in labeling and handling the oil at issue.  *See Engeman Enterprises, LLC v. Tolin Mechanical Systems Company*, 320 P.3d 364, 368-70 (Colo. App. 2013) (finding no duty of care with respect to handling of hazardous substance independent of the parties' contract).  The cases cited by Plaintiff in support of the existence of such a duty are clearly distinguishable.  *See* Doc. 37 at 10-11; *Connes v. Molalla Transport System, Inc.*, 831 P.2d 1316, 1320-22 (Colo. 1992) (recognizing the tort of negligent hiring under Colorado law); *Gates v. Life of Montana Ins. Co.*, 668 P.2d 213, 215 (Mont. 1983) (recognizing "duty owed to deal fairly and in good faith in the employment relationship" under Montana law).

The FTCA cases cited by the Plaintiff are distinguishable because they found that state tort law created an independent duty of care, "apart from, and in addition to" any contract between the plaintiff and the defendant.  *See* Doc. 37 at 8; *Love*, 915 F.2d at 1247 (independent tort of conversion under Montana law); *Simmons v. U.S.*, No. 2:10-CV-360-TJW-CE, 2011 WL 4399823, *3 (E.D. Tex. Aug. 17, 2011) report and recommendation

adopted, No. 2:10-CV-360-TJW-CE, 2011 WL 4433572 (E.D. Tex. Sept. 21, 2011)

(independent torts of conversion and misappropriation of trade secrets); *Kramer v. Sec'y,*

*U. S. Dep't of Army*, 653 F.2d 726, 729 (2d Cir. 1980) (independent tort of

misappropriation of trade secrets); *Aleutco Corp. v. U.S.*, 244 F.2d 674, 678-79 (3d Cir.

1957) (independent tort of conversion);  *Jerome Stevens Pharm., Inc. v. Food & Drug*

*Admin.*, 402 F.3d 1249, 1254-56 (D.C. Cir. 2005) (independent tort of misappropriation of

trade secrets did not qualify for intentional tort or discretionary function exceptions to

FTCA); *Walsh v. U.S.*, 672 F.2d 746, 749-50 (9th Cir. 1982) (independent tort based on

the duty of owner to maintain easement); *Fort Vancouver Plywood Co. v. U.S.*, 747 F.2d

547, 551-52 (9th Cir. 1984) (independent tort for negligently conducting a slash burn).

The express terms of the bill of lading provide that the materials to be shipped have

been "properly characterized" as "Non-Regulated, Liquid Used Oil" and are not

"'Hazardous Waste' as defined by applicable federal state laws and regulations."  Doc. 34-

2 at 6.  In addition, the bill of lading makes the United States "solely responsible" for the

"management, removal, remediation and disposal" of the Materials in the event of a

breach of the representations.  *Id.*  Because Plaintiff claims that the United States

"incorrectly characteriz[ed]" the oil and "provided TFI with false and inaccurate

information" regarding the oil, and because Plaintiff has identified no independent duty

owed by the United States "apart from, and in addition to" the terms set out in the bill of

lading, I find that "the action is essentially for breach of a contractual undertaking" so

therefore I lack jurisdiction under the Tucker Act and Plaintiff's claims must be dismissed without prejudice to their being re-filed in the Court of Federal Claims.

### Conclusion

For the reasons given above, Defendant's Motion to Dismiss (Doc. 34) for lack of jurisdiction is **GRANTED**.


Dated: September 23, 2015                    _**s/John L. Kane**_
                                            SENIOR U.S. DISTRICT JUDGE