**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00569-JLK-MEH

THERMO FLUIDS, INC.,

       Plaintiff,

v.

THE UNITED STATES OF AMERICA; and
URS GROUP, INC., a corporation,

       Defendants.

**MEMORANDUM OPINION AND ORDER ON DEFENDANT URS GROUP'S MOTION TO DISMISS**

**Kane, J.**

### Introduction

Plaintiff brings negligence claims against Defendants the United States and URS Group in connection with a shipment of oil from Buckley Air Force Base handled by Plaintiff that was found to be contaminated with Polychlorinated Biphenyls ("PCBs"). Defendant URS has moved to dismiss on the grounds that Plaintiff's claims are barred by the Colorado two-year statute of limitations for negligence. Doc. 20. The motion is GRANTED for the reasons stated below.

### Background

On August 22, 2012, Plaintiff, an industrial waste management corporation, collected a shipment of oil from a tank located at Buckley Air Force Base. Doc. 12 at ¶

20. According to the bill of lading for the shipment, the contents of the tank were characterized as "Non-Regulated Liquid, Used Oil." *Id*. at ¶ 21.

In early September, 2012, Plaintiff was notified that the railcar used to ship the oil tested positive for traces of PCBs. *Id*. at ¶ 24. On or about September 10 and 11, 2012, Plaintiff's test confirmed the used oil contained PCBs. *Id*. at ¶ 28-29. Buckley AFB conducted its own test and, on September 24, 2012, confirmed to Plaintiff that its analysis found the same level of PCBs in the subject tank. *Id*. at ¶ 32.

On October 17, 2012, Plaintiff submitted a written claim for damages to Buckley AFB alleging property damage due to chemical contamination, pursuant to the Federal Tort Claims Act. *Id*. at ¶ 36. On November 14, 2013, the Department of the Air Force via certified letter denied Plaintiff's claim under the FTCA. *Id*. at ¶ 37. In its denial letter, the Air Force stated an employee of an independent contractor, Foothills Environmental, Inc., was responsible for the contamination. *Id*. at ¶ 38. Plaintiff then investigated and discovered Foothills Environmental, Inc. was not working at Buckley AFB during August 2012. *Id*. at ¶ 42.

On April 28, 2014, Plaintiff requested, in writing, that its claim be reevaluated given Foothills Environmental, Inc. was not working at Buckley AFB during August 2012. *Id*. at ¶ 43.

On September 22, 2014, the Air Force sent Plaintiff a certified letter containing its final denial of the request for reconsideration of Plaintiff's claim. *Id*. at ¶ 44. In this letter, the Air Force stated an employee of URS, not Foothills, was responsible for the

contamination. *Id*. at ¶ 45. Plaintiff filed its Complaint in this action on March 20, 2015, naming both Buckley Air Force Base and URS as defendants. *See* Doc. 1.

## Analysis

**1.     Statute of Limitations**

Colorado has a two year statute of limitations for negligence claims that provides: "[t]he following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, must be commenced within two years after the cause of action accrues, and not thereafter: (a) Tort actions, including but not limited to actions for negligence . . . ." C.R.S. § 13-80-102(1). Thus, Plaintiff was required to bring its negligence claim against URS "within two years after the cause of action accrue[d.]" *Id.*

Under Colorado law, a "cause of action for injury to . . . property . . . shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." C.R.S. § 13-80-108(1).

Defendant argues that Plaintiff's claims must be dismissed because Plaintiff was aware of its "injury" (PCB contamination) as well as the injury's "cause" (contaminated oil originating at Buckley AFB) by October 17, 2012, when Plaintiff submitted its written claim for damages to Buckley AFB under the FTCA. Doc. 32 at 1. Accordingly, Defendant argues that Plaintiff was required to bring its claims by October 17, 2014, and because Plaintiff did not do so until March 20, 2015, Plaintiff's claims are barred by the statute of limitations. *Id.*

Plaintiff argues that as soon as it was aware of the PCB contamination, it immediately investigated and identified Buckley AFB as the source, notified Buckley

AFB, and received confirmation from a Buckley AFB employee that the PCB contamination came from Buckley. Doc. 30 at 4-5. Plaintiff therefore argues that it had no reason to believe that any party other than Buckley AFB was responsible for its injuries until November 14, 2013, when it was erroneously informed by letter from the Air Force that a contractor called Foothills Environmental had performed the work leading to the contamination. *Id*. at 5. Plaintiff then investigated further, discovered that Foothills was not performing work at Buckley AFB at the relevant time period, and sought reconsideration of its FTCA claim. Doc. 30 at 5-6. On September 22, 2014, Plaintiff learned that URS was a responsible party, and timely filed its negligence claim against URS within six months. *Id*. at 6.

The main authority on which the Defendant relies for the proposition that Plaintiff need not know the identity of the defendant in order to be aware of the "injury and its cause" is *Yoder v. Honeywell*, 900 F.Supp. 240 (D. Colo. 1995). In *Yoder*, the plaintiff brought a product liability action against Honeywell and Bull Information Systems, alleging that Honeywell had manufactured a keyboard which gave the plaintiff carpal tunnel syndrome. *Id*. at 242-243. At a scheduling conference, Honeywell denied having manufactured the keyboard at issue, and both parties subsequently participated in an inspection of the relevant keyboards. *Id*. at 242. Counsel for Honeywell then informed plaintiff that they believed the keyboards at issue were actually manufactured by Bull, and plaintiff moved to amend to add Bull as a defendant, more than two years after the original complaint was filed. *Id*. at 243. The Court granted Bull's motion to dismiss on statute of limitations grounds, finding that "the relevant inquiry is when the Yoders knew

or should have known that Ms. Yoder's injuries were caused by her use of the keyboard" and that "[w]here, as here, the identity of the defendant could be discovered through reasonable diligence the action is properly barred if not filed within the two year limitation period." *Id*. at 247-48.

I find that the statute of limitations bars Plaintiff's claims. By October 17, 2012, Plaintiff had discovered that it had been injured by oil contaminated by PCBs originating at Buckley AFB. This discovery triggered the beginning of a two-year window in which Plaintiff was required to conduct a reasonably diligent investigation, discover the identity of those responsible, and bring its claims against them. *See Yoder*, 900 F.Supp. at 247-48; *Sender v. Mann*, 423 F.Supp.2d 1155, 1166-67 (D.Colo. 2006) (finding statute of limitations accrued once plaintiff was aware of the Ponzi scheme even where plaintiff did not know identity of specific defendants). Although Plaintiff has alleged that it "had no reason to suspect" URS's involvement, Doc. 30 at 3, and that the "FTCA Claim process did not provide a mechanism for [Plaintiff] to obtain discovery from Buckley AFB," Doc. 30 at 5 n. 4, Plaintiff has not identified any investigation that it did undertake or explained why the identity of URS could not have been discovered with reasonable diligence. Accordingly, Plaintiff's claims are barred by the statute of limitations and must be dismissed.

### 2. Equitable Tolling

"[A]n equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly exceptional circumstances prevented the plaintiff from filing his or her claim despite

diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996).  The doctrine of equitable tolling is not favored, and the plaintiff has the burden of establishing the elements.  *Gognat v. Ellsworth*, 224 P.3d 1039, 1049 (Colo. App. 2009).

Plaintiff argues that equitable tolling is appropriate because while plaintiff was pursuing its FTCA claims against Buckley AFB, it had no reason to suspect that URS was potentially responsible for the contamination and because any delay in filing its negligence claim was because the Air Force provided Plaintiff with incorrect information.  Doc. 30 at 13-14.  Defendant argues that Plaintiff has failed to "plead any action, let alone wrongful conduct, by URS" nor any "extraordinary circumstances" that would justify equitable tolling.  Doc. 20 at 7.  I find equitable tolling not available because Plaintiff discovered the identity of URS on September 22, 2014, *see* Doc. 12 at ¶ 9, within the two year statute of limitations period that began on October 17, 2012, when Plaintiff filed its FTCA complaint.  *See Roberts v. Barreras*, 484 F.3d 1236, 1242 (10th Cir. 2007) ("[E]quitable tolling—sometimes referred to as fraudulent concealment—only applies when the defendant is prevented from filing throughout the *entire length* of the statutory period." (emphasis added)).

## Conclusion

For the reasons given above, Plaintiff's claims against Defendant URS are barred by the statute of limitations and Defendant's motion to dismiss (Doc. 20) is therefore **GRANTED**.

Dated: September 23, 2015            *s/John L. Kane*
                                      SENIOR U.S. DISTRICT JUDGE